767 So.2d 39 (2000)
STATE of Louisiana
v.
Ed Quinney WELLS.
No. 00-K-0181.
Supreme Court of Louisiana.
September 15, 2000.
Denied.
CALOGERO, C.J., and LEMMON, J., would grant the writ.
JOHNSON, J., would grant the writ and assigns reasons.
JOHNSON, J., Dissenting.
I would grant the writ application and reverse defendant's conviction for possession of cocaine, with intent to distribute.
The state, in closing and in rebuttal arguments, referred to an anonymous telephone call that indicated a black male was selling drugs in the 700 block of Leland St.
When the state's witness testified about receiving a tip from an anonymous caller in the state's case in chief, defendant's counsel objected, and the hearsay objection was sustained. Despite an admonition by the court to ignore the hearsay testimony, the state argued the hearsay evidence again in closing and in rebuttal.
The hearsay testimony was offered as the truth of the matter asserted, and as evidence of defendant's guilt with regard to his intent to distribute cocaine. In my view, the hearsay testimony influenced the jury and contributed to its verdict. State v. Cousin, 96-2973 (La.4/14/98), 710 So.2d 1065